UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MUSTAFA MUHMOUD,

          Plaintiff,

   v.

CITY OF SAN JOSE, et al.,

          Defendants.

Case No.  5:20-cv-08808-EJD

**ORDER GRANTING PLAINTIFF'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; MOOTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. Nos. 35, 57

On December 11, 2020, Plaintiff Mustafa Muhmoud filed a complaint against Defendants City of San Jose, Blage Zelalich, Richard Doyle, Christopher Creech, Paul Messier, Rick Galea, Leo Prescott, Dean Whipple, Santa Clara Valley Transit Authority, Shannon Smyth-Mendoza, Kevin Balak, Swenson Development Management, Inc., Barry Swenson, Market Street Partners, LLC, Forrest Cerrato, Christian Hagen, Todd Rothbard, and Market Street Partners SJ, LLC.  *See* Complaint for Damages, Dkt. No. 1.  Plaintiff, who was representing himself *pro se*, asserted claims for malicious prosecution, intentional infliction of emotional distress, breach of contract, and constitutional rights violations.  Certain Defendants moved to dismiss Plaintiff's complaint. *See* City Defendants' Motion to Dismiss ("Mot."), Dkt. No. 35.  Thereafter, this Court referred Plaintiff to the Federal Pro Bono Project and stayed proceedings pending appointment of counsel. *See* Dkt. No. 49.  Following appointment of counsel, Plaintiff filed an opposition to the motion to dismiss and a countermotion to file a First Amended Complaint.  *See* Plaintiff's Opposition for Leave to File First Amended Complaint and Opposition to City Defendants' Motion to Dismiss ("Opp."), Dkt. No. 57.  On April 12, 2022, City Defendants filed a reply to Plaintiff's Opposition,

1    to which Plaintiff filed a reply.  *See* City Defendants' Reply to Plaintiff's Opposition to Motion to

2    Dismiss ("D Reply"), Dkt. No. 58; Plaintiff's Reply in Support of Countermotion for Leave to

3    Amend ("P Reply"), Dkt. No. 61.  Having considered the Parties' papers, the Court **GRANTS**

4    Plaintiff's countermotion for leave to file a First Amended Complaint and **MOOTS** Defendants'

5    motion to dismiss.[1]

6    **I.      DISCUSSION**

7          "The Court should freely give leave [to amend pleadings] when justice so requires."  Fed.

8    R. Civ. P. 15(a).  Rule 15's "policy of favoring amendments to pleadings should be applied with

9    'extreme liberality.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)

10   (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  The party opposing the

11   amendment bears the burden of showing why leave to amend should not be granted.  *Ziptronix,*

12   *Inc. v. Ominvision Techs.*, 2012 WL 3155554, at *3 (N.D. Cal. Aug. 2, 2021).  Additionally, the

13   court should resolve a motion for leave to amend "with all inferences in favor of granting the

14   motion."  *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citations omitted); *see also*

15   *Scott v. S.F. Police Dep't*, 1995 WL 55301, at *3 (N.D. Cal. Feb. 2, 1995) (noting that the

16   plaintiff's *pro se* status and the rules permitting liberal amendment outweighed any prejudice that

17   certain amendments would cause).

18         In the Ninth Circuit, courts consider the five *Foman* factors when assessing whether to

19   grant a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing

20   party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the

21   complaint.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Foman v. Davis*, 371

22   U.S. 178, 182 (1962).  Prejudice to the opposing party is the strongest factor and leave to amend

23   should be granted absent prejudice or a "strong showing" that the other factors are met.  *Eminence*

24   *Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

25

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27   [1] This Court finds this motion appropriate for decision without oral argument pursuant to Civil
     Local Rule 7-1(b).

     Case No.: 5:20-cv-08808-EJD

28   ORDER GRANTING PLAINTIFF'S COUNTERMOTION FOR LEAVE TO FILE A FIRST
     AMENDED COMPLAINT; MOOTING DEFENDANTS' MOTION TO DISMISS
                                          2

United States District Court
Northern District of California

1    The *Foman* factors weigh in favor of granting Plaintiff leave to amend.  *First*, Plaintiff's

2    leave to amend is initiated in good faith.  Plaintiff initiated this action without counsel, and thus

3    amendment is needed to conform the pleadings to law.  *Second*, amendment is not futile because it

4    cannot be said that "no set of facts can be proved under the amendment to the pleadings that would

5    constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

6    214 (9th Cir. 1988); *see* P Reply at 3–10 (arguing why leave to amend is not futile).  *Third*,

7    Plaintiff has not previously amended his complaint.

8    *Fourth*, allowing amendment would not cause undue delay.  In this Circuit, courts focus on

9    the timing in relation to the rest of the case to determine whether leave to amend should be

10   granted.  *See Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999)

11   ("Because this litigation is still in its early stages, leave should be liberally granted unless

12   amendment would be futile."); *Defazio v. Hollister, Inc.*, 2008 WL 2825045, at *2 (E.D. Cal. July

13   21, 2008) ("There is also no apparent prejudice to defendants in permitting the instant amendment.

14   Though this case's origins date back over three years, this matter regrettably is still in its early

15   litigious stages.").  Here, the early stage of the litigation weighs in favor of amendment.  No case

16   schedule has been set, no written discovery has been taken, no documents have been exchanged,

17   no initial disclosures have been served, and several Defendants have not even appeared despite

18   being served.  *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir.

19   2016).

20   *Fifth,* leave to amend will not prejudice Defendants.  In determining whether amendment

21   would result in prejudice, courts consider the timeliness of the amendment and whether it would

22   delay litigation.  *See Poling v. Morgan*, 829 F.2d 882, 886–87 (9th Cir. 1987).  Here, because the

23   case is still in the early stages of discovery, Defendants are not prejudiced by the proposed

24   amendment.  *See Leighton*, 833 F.2d at 187–88 ("Given that this case is still at the discovery stage

25   with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that

26   [defendant] would be prejudiced by the timing of the proposed amendment.").

27

28

*United States District Court*
*Northern District of California*

1   For these reasons, the Court **GRANTS** Plaintiff's countermotion for leave to file a First

2   Amended Complaint.  This renders Defendants' motion to dismiss moot.  *See Hynix v.*

3   *Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at \*2 (N.D. Cal. Oct. 31, 2006) ("In

4   view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the

5   merits of a proposed amended pleading until after leave to amend is granted and the amended

6   pleading is filed.").

7   **II.      CONCLUSION**

8   The Court **GRANTS** Plaintiff's countermotion for leave to file a First Amended

9   Complaint and finds Defendant's motion to dismiss **MOOT.**  Plaintiff shall file his First Amended

10   Complaint within 30 days of this Order.  The Case Management Conference scheduled for June 2,

11   2022, is CONTINUED July 14, 2022, with a joint statement due July 5, 2022.

12   **IT IS SO ORDERED.**

13   Dated: May 16, 2022

14

15   _____

16   EDWARD J. DAVILA
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No.: 5:20-cv-08808-EJD
ORDER GRANTING PLAINTIFF'S COUNTERMOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT; MOOTING DEFENDANTS' MOTION TO DISMISS
4