UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MUSTAFA MUHMOUD,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>        Defendants. | Case No.  5:20-cv-08808-EJD<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**<br><br>Re: Dkt. Nos. 82, 83, 89 |

Defendants Santa Clara Valley Transportation Authority and Shannon Smyth-Mendoza (collectively, "VTA Defendants") move for a Rule 26(c) protective order to stay discovery ("Motion") until their motion for judgment on the pleadings has been resolved.  Dkt. No. 82. Defendants City of San Jose, Blage Zelalich, Christopher Creech, Paul Messier, Rick Galea, Leo Prescott, Dean Whipple, Carmen Dalpiaz, Vance Chang, and Ray Simpson ("City Defendants") have also moved to join the Motion based on their pending motion to dismiss.  Dkt. No. 83; *see also* Dkt. No. 76 (collectively with Dkt. No. 79, the "Dispositive Motions").

The Court finds that this matter is suitable for disposition without oral argument and thereby VACATES the February 9, 2023 hearing on the Motion.

**I.      PROCEDURAL BACKGROUND**

Following the appointment of *pro bono* counsel, Plaintiff filed his First Amended Complaint ("FAC") on June 15, 2022.  Dkt. No. 67.  VTA Defendants responded by filing an answer on June 28, 2022 (Dkt. No. 70), while City Defendants responded with a Rule 12(b)(6) motion to dismiss on July 13, 2022 (Dkt. No. 76).  VTA Defendants subsequently filed a motion for judgment on the pleadings on August 9, 2022.

Case No.: 5:20-cv-08808-EJD
ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

1

1    In early September, Plaintiff propounded written discovery on VTA Defendants and
2    noticed Ms. Smyth-Mendoza's deposition. North Decl., Exs. I, J, K, Dkt. No. 82-1. After
3    conferring with Plaintiff's counsel to stay discovery (North Decl., Ex. H), VTA Defendants filed
4    the instant motion for a protective order. Three days after VTA Defendants' Motion was filed,
5    City Defendants moved to join the Motion. Dkt. No. 83. Because Plaintiff's opposition does not
6    raise any arguments challenging City Defendants' joinder, the Court GRANTS City Defendant's
7    motion to join the instant Motion.

8    On October 12, 2022, VTA Defendants and City Defendant filed a Joint Motion to Shorten
9    Time, requesting that either the Dispositive Motions or this Motion for Protective Order be heard
10   at an earlier date. Dkt. No. 89. Because the Court is concurrently submitting and resolving this
11   Motion without hearing, Defendants' Joint Motion to Shorten Time is DENIED AS MOOT.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Although a district court has the discretion to stay discovery for good cause, Fed. R. Civ. P. 26(c)(1)(A), the Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

"Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). A court may determine that staying discovery pending a ruling on a dispositive motion is warranted "when dispositive motions raise issues of jurisdiction, venue, or immunity." *Tradebay*, 278 F.R.D. at 601.

Case No.: 5:20-cv-08808-EJD
ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
2

On the first *Pacific Lumber* factor, VTA Defendants have moved for a judgment on the pleadings under Rule 12(c) and the City Defendants have moved to dismiss under Rule 12(b)(6), both of which involve "substantially identical" analyses. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The FAC asserts ten claims in total: six § 1983 claims for violations of the U.S. Constitution asserted against all Defendants, and four claims for violations of the California Constitution asserted only against the City of San Jose. FAC ¶¶ 65-139. Both Dispositive Motions argue that the FAC has failed to allege the necessary facts for their respective category of claims and invoke prosecutorial and qualified immunities for the named individual defendant officials. This is sufficient to meet the first *Pacific Lumber* factor, which only considers whether the motion is "*potentially* dispositive of the entire case."[1] *Pac. Lumber*, 220 F.R.D. at 352 (emphasis added). Plaintiff argues that Defendant has not met this factor because the Dispositive Motions are unlikely to succeed, Dkt. No. 88, at 4-5; however, likelihood of success is not the standard for a stay of discovery. Without opining on the merits of the Dispositive Motions, the Court finds that, if granted, they would be dispositive of all claims in the FAC.

With regards to the second *Pacific Lumber* factor, Plaintiff does not argue that the Dispositive Motions cannot be decided without additional discovery, or put differently, that they require some discovery to be resolved. *See* Dkt. No. 88, at 4-5. Plaintiff only appears to argue that the discovery is not likely to be wasted, as "[i]f even one of Plaintiff's claims survives, Plaintiff would want to depose the same people and propound the same written discovery." *Id.* at 5. The utility of the discovery later in litigation, however, does not mean that the discovery would be necessary to resolve the pending Dispositive Motions, which is what the Court evaluates here. The Court also notes that neither of Plaintiff's opposition briefs to the Dispositive Motions mention a need for further factual development or discovery. Dkt. Nos. 77, 80.

---

[1] The Court notes that further discovery may also risk eroding the potential "official immunity" to which certain Defendants may be entitled, which would counsel in favor of staying discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that qualified immunity grants "immunity from suit rather than a mere defense to liability"); *Tradebay*, 278 F.R.D. at 601 (listing immunity as an issue that may warrant staying discovery pending resolution of a dispositive motion); *Pendell v. Spokane Cnty., Wash.*, 2020 WL 1441673, at *2 (E.D. Wash. Mar. 24, 2020).

Case No.: 5:20-cv-08808-EJD
ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
3

1    Although Plaintiff cites *Pacific Lumber* as the correct standard to determine this Motion, he primarily argues in opposition that his propounded discovery is not unduly burdensome and that he would be prejudiced by a stay of discovery. Dkt. No. 88, 2-4. As with the Dispositive Motions, the Court declines to preemptively opine on the reasonableness of Plaintiff's discovery, especially in the absence of a pending discovery motion. The Court also notes that Plaintiff's purported prejudice is that the entire case schedule would be shifted, but he does not further explain how he would be prejudiced by such a delay. Dkt. No. 88, at 4. In any event, Defendants are not required to show unduly burdensome discovery or a lack of prejudice where the pending motion is potentially dispositive of the entire case and does not require any additional discovery.

Because the Dispositive Motions may potentially dispose of the entire case with respect to both sets of Defendants and they do not require any further discovery, the Court finds that there is good cause to stay discovery pending the resolution of the Dispositive Motions.

### III. CONCLUSION

Defendants' Motion for a Protective Order Staying Discovery (Dkt. No. 82) is GRANTED. Discovery in this case is STAYED as to VTA Defendants and City Defendants until the Court issues a decision on their respective Dispositive Motions. The Court finds that it is currently premature to implement a contingent scheduling order.

City Defendants' Motion for Joinder (Dkt. No. 83) is GRANTED.

VTA Defendants' and City Defendants' Joint Motion to Shorten Time (Dkt. No. 89) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: November 10, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-08808-EJD
ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
4